```
         IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF IOWA
                   WESTERN DIVISION
```

| | |
|---|---|
| JOHN W. ARNZEN, III AND<br>GALEN K. SHAFFER,<br><br>          Plaintiffs,<br><br>v.<br><br>JASON SMITH, SEAN MORRIS,<br>MATT ROYSTER, DR. RYAN, AND<br>CHARLES PALMER,<br><br>          Defendants. | No. 11-CV-4025-DEO<br><br>INITIAL REVIEW ORDER |

## I. INTRODUCTION AND BACKGROUND

On March 9, 2011, Plaintiffs filed a Pro Se Motion for Leave to Proceed in Forma Pauperis, a Pro Se Motion to Appoint Counsel, and a 42 U.S.C. Section 1983 Complaint. Docket Nos. 1, 1-1, and 2. Plaintiffs are involuntarily committed patients at the Civil Commitment Unit for Sex Offenders (CCUSO) in Cherokee Iowa.[1] Defendants are administrators of or employees at CCUSO.

---

[1] CCUSO is not a prison facility; it "provides a secure, long term, and highly structured environment for the treatment of sexually violent predators." Iowa Department of Human Services Offer #401-HHS-014: CCUSO, http://www.dhs.state.ia.us/docs/11w-401-HHS-014-CCUSO.pdf, last visited November 29, 2012. The patients at CCUSO "have served their prison terms but in a separate civil trial have been found likely to commit further violent sexual offenses." Id.

Plaintiffs' Complaint takes issue with Defendants' use of polygraph testing at the CCUSO facility. Docket No. 1-1. As this Court understands CCUSO's policy, patients must pass polygraphs in order to progress in the program and ultimately be released.

On June 15, 2011, Chief Magistrate Judge Paul A. Zoss ordered Plaintiffs' Complaint consolidated with a class action then pending before this Court (05-CV-4065). Docket No. 9. On November 1, 2011, in an Order addressing a proposed settlement agreement in the class action, this Court noted the following:

> while mindful that the treatment of committees is best left to medical professionals, this Court is now persuaded that preclusion of future claims related to the legitimacy of CCUSO's polygraph policy would be unfair and unreasonable given the nature of the Settlement Agreement. The Supreme Court has unequivocally questioned the accuracy of polygraphs. See U.S. v. Scheffer, 523 U.S. 303, 309 (1998) ("[T]here is simply no consensus that polygraph evidence is reliable."). This is not to say that CCUSO's polygraph policy is conclusively unconstitutional, but the issues related to CCUSO's polygraph policy should be developed further prior to being foreclosed.

05-cv-4065-DEO, Docket No. 136, 8-9.

On April 3, 2012, at a hearing to consider a subsequent amended proposed settlement agreement, this Court granted a motion to sever Plaintiffs' polygraph claims. Docket No. 150. Thus, currently before this Court, for the second time, is Plaintiffs' Pro Se Motion for Leave to Proceed in Forma Pauperis, Pro Se Motion to Appoint Counsel, and 42 U.S.C. Section 1983 Complaint. Docket Nos. 1, 1-1, and 2.

**II. PRO SE MOTION TO PROCEED IN FORMA PAUPERIS**

The filing fee for a 42 U.S.C. § 1983 petition is $350. 28 U.S.C. § 1914(a). The doctrine of in forma pauperis allows a plaintiff to proceed without incurring filing fees or other Court costs. 28 U.S.C. § 1915(a)(1). However, prisoners must meet certain requirements in order to have their filing fee waived. 28 U.S.C. 1915(a)-(b). A prisoner is defined as "any person incarcerated or detained in any facility" for "violations of criminal law . . . ." 28 U.S.C. § 1915(h). Under the statute, prisoners are required to pay filing fees over time and are not entitled to proceed in forma pauperis as to filing fees. *Id*. However, CCUSO is not a prison facility; it "provides a secure, long term, and highly structured environment for the treatment of sexually violent predators."[2]

---

[2] Iowa Department of Human Services Offer #401-HHS-014: CCUSO, 1 http://www.dhs.state.ia.us/docs/11w-401-HHS-014-CCUSO.pdf, last

Moreover, the Iowa Code specifies that the types of persons confined at CCUSO are not prisoners. They are civilly committed patients who suffer from a "mental abnormality." I.C.A. § 229A (generally); I.C.A. § 229A.2(11). Accordingly, individuals held due to civil commitment under I.C.A. § 229A are not prisoners and are not subject to 28 U.S.C. § 1915(a)-(b). See *Kolocotronis v. Morgan*, 247 F.3d 726, 728 (8th Cir. 2001), stating that those committed to state hospitals are not prisoners as defined under 28 U.S.C. § 1915; *Youngberg v. Romeo*, 457 U.S. 307, 321-22 (1982), stating that individuals who are involuntarily committed "are entitled to more considerate treatment than criminals whose conditions of confinement are designed to punish;" and *Michau v. Charleston County, S.C.*, 434 F.3d 725 (4th Cir. 2006), *cert. denied* *Michau v. Charleston County*, S.C., 126 S. Ct. 2936 (2006), stating that:

> [h]owever, [plaintiff] is presently being detained under the SVPA, which creates a system of civil, not criminal, detention. ... see also *Kansas v. Hendricks*, 521 U.S. 346, 365-69(1997) (concluding that Kansas's Sexually Violent Predators Act established civil rather than criminal detention scheme). Because [plaintiff's] detention under the SVPA is not the result of a

visited November 29, 2012.

4

> violation of criminal law, or of the terms of parole, probation, or a pretrial diversionary program, he does not meet the PLRA's definition of [a prisoner]. See ... *Page v. Torrey*, 201 F.3d 1136, 1139-40 (9th Cir.2000) (concluding that a person detained under state's civil sexually violent predator act is not a prisoner within meaning of PLRA). Accordingly, the PLRA provides no basis for the dismissal of [plaintiff's] complaints.

*Id*. At 727-28. (Some internal citations omitted.)

In order to qualify for in forma pauperis status, a plaintiff must provide this Court an affidavit[3] with the following statements: (1) statement of the nature of the action, (2) statement that plaintiff is entitled to redress, (3) statement of the assets plaintiff possesses, and (4) statement that plaintiff is unable to pay filing fees and court costs or give security therefor. 28 U.S.C. § 1915(a)(1). Plaintiffs provided this Court an application that substantially meets the above requirements. **Therefore, the Application is granted.**

---

[3] An affidavit is a "voluntary declaration of facts written down and sworn to by the declarant before an officer authorized to administer oaths." Black's Law Dictionary (9th ed. 2009), affidavit.

**The Clerk of Court is further ordered to file Plaintiffs' Complaint. No filing fee will be assessed. The Clerk of Court shall also hereby deliver, by certified mail, copies of this Order and attached waiver of service of summons, along with copies of the complaint (Docket No. 1-1) to the CCUSO facility, care of each named Defendant, and to the Iowa Attorney General.**

### III. MOTION TO APPOINT COUNSEL

28 U.S.C. §1915(e)(1) provides that appointment of counsel for a person unable to afford counsel is within this Court's discretion. Given Plaintiffs' current financial situation and the nature of his claim, their Motion for Appointment of Counsel is granted. The Clerk of Court shall appoint Attorney Pat Ingram[4] forthwith, and Mr. Ingram shall file an amended complaint within twenty (20) days from the date of this Order.

---

[4]As mentioned, this case had been previously consolidated with the class action suite 05-CV-4065-DEO, where Pat Ingram was the appointed Class Counsel. At the time of the decision to sever this issue from the class action suit, Mr. Ingram indicated he would continue to provide representation to these plaintiffs to present the issue before the Court. In the event Mr. Ingram's position has somehow changed, he shall file an appropriate motion to withdraw.

## IV. CONCLUSION

The application to proceed informa pauperis is granted. The Clerk of Court shall file the complaint, and no filing fee will be assessed. The Clerk of Court shall also hereby deliver, by certified mail, copies of this Order and attached waiver of service of summons, along with copies of the complaint (Docket No. 1-1) to the CCUSO facility, care of each named Defendant, and to the Iowa Attorney General, and to send both Plaintiffs a copy of this Order and the contact information for appointed counsel. Because Plaintiffs have been appointed counsel, any further pleadings on Plaintiffs' behalf should be filed solely through their appointed counsel. Mr. Ingram shall file an amended complaint within twenty (20) days from the date of this Order. The Defendants shall have (60) days to answer the amended complaint, and the Plaintiffs shall have (21) days to respond after the filing of the Defendants' answer(s).

**IT IS SO ORDERED** this 30th day of November, 2012.

Donald E. O'Brien, Senior Judge
United States District Court
Northern District of Iowa

## NOTICE OF LAWSUIT
## and REQUEST FOR
## WAIVER OF SERVICE OF SUMMONS

<u>TO THE NAMED DEFENDANT(S) IN THE FOLLOWING CAPTIONED ACTION:</u>

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## WESTERN DIVISION

| | |
|---|---|
| JOHN W. ARNZEN, III, and GALEN K. SHAFFER,, <br><br> Plaintiff, <br><br> vs. <br><br> CHARLES PALMER, et al., <br><br> Defendants. | No. 11-CV-4025-DEO |

      A lawsuit has been commenced against you (or the entity on whose behalf you are addressed). A copy of the complaint and a copy of the corresponding order from this Court are attached. This complaint has been filed in the United States District Court for the Northern District of Iowa.

      Pursuant to Rule 4 of the Federal Rules of Civil Procedure, you have an obligation to cooperate in saving unnecessary costs of service of summons and complaint. Please sign the enclosed document where appropriate acknowledging receipt of the complaint and notice of this pending lawsuit and waiving formal service of summons. After signing the enclosed document, please return it to the United States Clerk's Office in the envelope provided within thirty (30) days of this date: __11/30/12__.

      I affirm that this notice and request for waiver of service of summons is being sent to you on behalf of the plaintiff, this __November 30__, 2012.

                                                                                  /s/ djs
                                                                 Signature (Clerk's Office Official)
                                                                     Northern District of Iowa

# ACKNOWLEDGMENT OF RECEIPT OF NOTICE OF LAWSUIT, and WAIVER OF SERVICE OF SUMMONS

(**Return **this** document within thirty days after ___11/30/12___, to the United States Clerk's Office in the envelope provided.)

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

JOHN W. ARNZEN, III, and GALEN K. SHAFFER,

   Plaintiff,

vs.

CHARLES PALMER, et al,

   Defendants.

No. 11--CV-4025-DEO

  I acknowledge receipt of the complaint and notice of the lawsuit in which I (or the entity on whose behalf I am addressed) have been named a defendant. I have received and/or read the complaint accompanying this document.

  I agree to save the cost of service of a summons and an additional copy of the complaint by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4 of the Federal Rules of Civil Procedure. I hereby waive service of summons.

  I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the Court except for objections based on a defect in the service of summons. I understand that a judgment may be entered against me (or the entity on whose behalf I am acting) if an answer or motion under Rule 12 of the Federal Rules of Civil Procedure is not served within 60 days after _____, (the date Notice, Waiver and corresponding documents were sent) or the date the amended complaint is filed (whichever date is latest).

Date _____   Signature _____
        Printed name _____
        As _____ of _____
         (Title)    (Entity)

# Address Form

Case Number: 11-CV-4025-DEO           Date: 11/30/12

To:   Clerk of Court
RE:   Service on Named Defendants

   Below, please find the known (or likely) addresses for the following persons/entities who have been named as defendants to this action:

Defendant:   **ALL DEFENDANTS**
**c/o Civil Commitment Unit for Sexual Offenders**
**1251 West Cedar Loop**
**Cherokee, Iowa 51012**

**Gretchen Witte Kraemer**
**Department of Justice**
**Regents and Human Services Division**
**Hoover Building**
**Des Moines, Iowa 50319-0109**