IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| JOHN W. ARNZEN, III,<br><br>      Plaintiff,<br><br>vs.<br><br>JASON SMITH<br><br>      Defendant. | No. 11-CV-4025-DEO<br><br>ORDER ON MOTION TO DISMISS |

## I. INTRODUCTION

The above captioned case has a long procedural history. The Plaintiff filed this case, arguing that CCUSO's use of polygraphs is unconstitutional, on March 9, 2011. The Plaintiff's claim regarding the use of polygraphs at CCUSO was consolidated into a previously filed class action, 05-CV-4065-DEO. 05-CV-4065-DEO involved CCUSO patients, as a class, against a number of CCUSO employees. The parties in 05-CV-4065-DEO reached a settlement, but that agreement did not cover the use of polygraphs at CCUSO. The Court separated the polygraph question back into the above captioned case.

In the present Amended Complaint, Docket No. 23, the Plaintiff seeks "injunctive and declaratory relief" to prevent the use of polygraphs at CCUSO. On April 22, 2013, the

Defendant filed a Motion to Dismiss Plaintiff's Amended Complaint. Docket No. 29. On November 7, 2013, the Court held a hearing on the Defendant's Motion to Dismiss. Following that hearing, the Defendant filed a Motion to Reassign. Docket No. 46. On April 16, 2014, the Court held a hearing on the Motion to Reassign. At that hearing, the parties advised the Court that they were near a settlement. The Court advised the parties that if the settlement fell through, the Court would transfer the case. On May 28, 2014, the Plaintiff filed an unresisted Motion to Dismiss, stating:

> The parties have reached a mutually agreed upon settlement. The parties agree that it is appropriate to dismiss the case now that the settlement has been finalized.

Docket No. 60.

## II. MOTION TO DISMISS STANDARD

The notice pleading standard of Federal Rule of Civil Procedure 8(a)(2) requires a plaintiff to give "a short and plain statement showing that the pleader is entitled to relief." In order to meet this standard and to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S.

662, 663 (2009) (internal quotations and citation omitted). This requirement of facial plausibility means that the factual content of the plaintiff's allegations must "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Cole v. Homier Distrib. Co. Inc., 599 F.3d 856, 861 (8th Cir. 2010). Furthermore, courts must assess the plausibility of a given claim with reference to the plaintiff's allegations as a whole, not in terms of the plausibility of each individual allegation. Zoltek Corp. v. Structural Polymer Group, 592 F.3d 893, 896 n. 4 (8th Cir. 2010) (internal citation omitted). This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 664.

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal alterations and citations

omitted). Nevertheless, although the "plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a sheer possibility," it is not a "probability requirement." Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009). As such, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and that a recovery is very remote and unlikely," Id.

In assessing "plausibility," as required by the Supreme Court in Iqbal, the Eighth Circuit Court of Appeals has explained that courts should consider only the materials that are necessarily embraced by the pleadings and exhibits attached to the complaint. See Mattes v. ABC Plastics, Inc., 323 F.3d 695, 697 n. 4 (8th Cir. 2003), stating that "in considering a motion to dismiss, the district court may sometimes consider materials outside the pleadings, such as materials that are necessarily embraced by the pleadings and exhibits attached to the complaint. Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999). The Court may also consider "materials that are part of the public record or do not contradict the complaint." Miller v. Redwood

Toxicology Lab., Inc., 688 F.3d 928, 931 (8th Cir. 2012). A more complete list of the matters outside of the pleadings that a court may consider, without converting a Rule 12(b)(6) motion to dismiss into a Rule 56 motion for summary judgment, pursuant to Rule 12(d), includes matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned. Van Stelton v. Van Stelton, 11-CV-4045-MWB, 2013 WL 3776813 (N.D. Iowa 2013) (internal citations omitted).

## III. ANALYSIS

Based on the forgoing, it is clear that the parties have settled their dispute and the Plaintiff moves to dismiss the case. Accordingly, the Motion to Dismiss must be granted.

## IV. CONCLUSION

For the reasons set out above, the Plaintiff's Motion to Dismiss, Docket No. 60, is **GRANTED** and the Plaintiff's Amended Complaint, Docket No. 23, is **DISMISSED with prejudice**.[1] Based on that, the Defendant's Motion to Dismiss, Docket No. 29, the

---

[1] The settlement agreement requires dismissal with prejudice. See Docket No. 61.

Defendant's Motion to Reassign, Docket No. 46, and the Defendant's Motion for Extension of Time, Docket No. 59, are **DENIED as moot**.[2]

**IT IS SO ORDERED** this 2nd day of June, 2014.

_Donald E. O'Brien_
Donald E. O'Brien, Senior Judge
United States District Court
Northern District of Iowa

---

[2] To the extent the Court previously indicated that it would transfer and reassign this case pursuant to Docket No. 46, that **portion** of the Order (Docket No. 56) is **vacated**.

6